UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA CRIDER,

    Plaintiff,

v.

CITY OF DETROIT, OFFICER CHERRI
NETTLES, OFFICER KEN KENWARD,
SGT. TODD MESSNEE, P.O. WILSON,
SGT. BUFFINGTON, P.O. MASON, LT.
SOLI, P.O. TRAVIS, P.O. FIGURSKI, P.O.
CARPENTER, P.O. CRAWFORD, SGT.
LIVONIGSTON, P.O.L HUNT, SGT.
WALTON, AND DFO SMITH,

    Defendants.
_____/

Case No. 04-CV-72162-DT

Honorable Patrick J. Duggan

**ORDER DENYING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT
AND
DENYING PLAINTIFF'S MOTION
TO ADJOURN SCHEDULING ORDER DATES**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_____.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff filed this action on June 9, 2004, in the Circuit Court for the County of Wayne, State of Michigan, seeking damages as a result of "excessive use of force exerted upon Plaintiff during an arrest on or about May 24, 2002." *See* Plaintiff's Mot. ¶ 1.

A scheduling conference was held on December 6, 2004. At this scheduling

conference, the Court expressed concern to Plaintiff's counsel about the fact that the complaint named 14 individual Defendants. The Court asked whether Plaintiff's counsel in fact had a good faith basis for believing that all of these individual Defendants in some way caused or participated in the alleged excessive force used upon Plaintiff. In response, counsel advised the Court that he was uncertain as to which police officers were involved, but that he would make further inquiry and dismiss any Defendant which his investigation revealed probably were not involved in the use of excessive force upon Plaintiff.

On April 6, 2005, Plaintiff's counsel took depositions of Defendants Nettles, Kenward, Mason, and Messineo. Plaintiff's counsel contends that, as a result of these depositions, he learned that– except "DFO Smith"– none of the named Defendants likely were involved in the injury to Plaintiff. Plaintiff's counsel indicates that he therefore is willing to dismiss all the presently named Defendants, except DFO Smith.

However, Plaintiff claims that these depositions led him to conclude that 3 or 4 *other* individuals may have participated in the use of excessive force upon Plaintiff on May 24, 2002. Plaintiff therefore now seeks to amend her complaint to dismiss all presently named Defendants except DFO Smith and to add, as Defendants, the following individuals: Virginia Boyd, Shameka Newman, Devin Brown, Victoria Eschen, and Arnella Little.

A hearing was held on Plaintiff's motion to amend on May 19, 2005. At this

hearing, the Court learned that Plaintiff's counsel's belief that these five new individuals may have been involved with the incident involving Plaintiff on May 24, 2002, is based on Plaintiff's description of the woman who she claims caused her injury and the information from the depositions that these individuals "fit the description" of the woman Plaintiff alleges caused her injury.[1]

Defendants oppose amending the complaint to add these Defendants.[2] Defendants argue that Plaintiff has had ample opportunity to obtain the information she needs to identify the individual she believes caused her injury. Defendants further point out that although the Court's December 6, 2004 scheduling order required the parties to complete discovery by April 30, 2005, Plaintiff's counsel did not take any depositions until April 6, 2005.

In this Court's opinion, Plaintiff's counsel did not act diligently following the scheduling conference on December 6, 2004. Plaintiff should not have waited until April 6, 2005, to take the depositions of those individuals deposed on that date or to take any other discovery needed to assist Plaintiff in learning the identity of the individual who Plaintiff believes caused her injury. Plaintiff's counsel was aware of the fact that the incident occurred on May 24, 2002, and that if it became necessary (through discovery or otherwise) to add additional defendants, that they would have to be added before May 24,

---

[1] Plaintiff now contends that only one individual caused her injury - - a woman.

[2] Plaintiff's motion also seeks to add additional claims.

2005.

The Court is deeply concerned that Plaintiff's counsel originally named 13 individuals as Defendants– individuals who Plaintiff's counsel now acknowledges had no involvement with the use of any excessive force upon Plaintiff on May 24, 2002.  Now Plaintiff wants to add 3 or 4 different defendants who she thinks may have been involved in causing her injuries.  In this Court's opinion, Plaintiff has not met her burden to persuade this Court that the individuals who she seeks to add should be added as Defendants to this action.

Plaintiff also seeks to adjourn scheduling order dates.  Defendants oppose this request.  The Court is not persuaded that any reason exists to adjourn the dates set forth in the present scheduling order.  Despite the fact that Plaintiff has had over 5 months to conduct discovery, she did not take any depositions until April 6, 2005.

For the reasons set forth above,

**IT IS ORDERED,** that Plaintiff's Motion for Leave to Amend Complaint is **DENIED**;

**IT IS FURTHER ORDERED,** that Plaintiff's Motion to Adjourn Scheduling Order Dates is **DENIED**; and

**IT IS FURTHER ORDERED,** that all of the individually named officers except "DFO Smith" are **DISMISSED**, Plaintiff having stipulated on the record at the hearing on May 19, 2005 to their dismissal.

s/PATRICK J. DUGGAN
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Shawn J. Coppins
Jerry L. Ashford